# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MAGDA FIRESTONE, | ) | CASE NO. 5:19-cv-1539 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER OF STAY |
| CITIMORTGAGE, INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant CitiMortgage, Inc. ("CitiMortgage") to dismiss or stay pursuant to the *Colorado River* abstention doctrine or, alternatively, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 10 ["Mot."].) Plaintiff Magda Firestone ("plaintiff" or "Firestone") opposes the motion (Doc. No. 16 ["Opp'n]), and CitiMortgage has filed a reply. (Doc. No. 18 ["Reply"].)

For the reasons set forth below, the Court GRANTS IN PART AND DENIES WITHOUT PREJUDICE IN PART CitiMortgage's motion. Abstention principles are applicable here, but they dictate only a stay of proceedings, not an outright dismissal. And in light of this Court's decision to abstain, the Court need not (and should not) address the merits of CitiMortgage's motion to dismiss for failure to state a claim.

## I. BACKGROUND

Firestone filed the present federal action on July 5, 2019. (Doc. No. 1 (Complaint ["Compl."]).) In her complaint, Firestone alleges that on or about June 28, 2001 her spouse, Steve Firestone (now deceased), entered into a mortgage refinancing loan agreement with

defendant First NLC Financial Services, LLC ("First NLC") for property located at 1170 West Exchange Street in Akron, Ohio. (Compl. ¶ 8; *see* Doc. No. 1-2 ["Note"] at 18–20[1].) The loan was secured by a Note in favor of First NLC, which was executed by Steve Firestone. (Note at 20.) To ensure repayment of the Note, a mortgage encumbering the property was executed. (Doc. No. 1-3 ["Mortgage"].) While Firestone's name appears on the Mortgage along with Steve Firestone's, Firestone alleges that her signature was forged without her consent. (Compl. ¶¶ 8, 20, 21; *see* Mortgage at 35.) On January 15, 2020, the Note was assigned to CitiMortgage, who, in turn, subsequently assigned it to defendant Kirkland Financial LLC ("Kirkland"). (*Id*. ¶¶ 10, 12.)

Firestone alleges that defendants "engaged in a pattern and practice of illegal, corrupt and unconscionable activities," to defraud Steve Firestone "into entering an unconscionable transaction." (*Id*. ¶ 9.) According to Firestone, defendants' actions were "calculated to lead to the loss of [p]laintiff's . . . home." (*Id*. ¶ 10.) She also contends that the various assignments of the Note and the Mortgage were designed to conceal defendants' unconscionable and illegal activity. (*Id*. ¶ 12.)[2] She raises claims sounding in fraud under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq*.; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1961, *et. seq*.; and the Federal Racketeer Influence and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, *et seq*. She also brings claims for mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. (Compl. at 4–13.)

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] Specifically, Firestone alleges that the course of unconscionable conduct included: "forging [p]laintiff's signature, claiming the Note was missing or destroyed, seeking and obtaining a fraudulent money judgment against the [p]laintiff on April 29, 2011 . . . [, and] filing a second foreclosure action against [p]laintiff, assigning the Note and Mortgage to avoid liability." (*Id*. ¶ 13.)

2

More than five years before Firestone filed suit in this Court—on May 1, 2014—CitiMortgage filed a complaint in foreclosure in the Summit County Court of Common Pleas.[3] *See Kirkland Fin. LLC v. Firestone*, Summit Cnty. Ct. of Common Pleas Case No. CV-2014-05-2242. Kirkland was substituted as a plaintiff in the state court when the refinance loan was assigned from CitiMortgage. (Doc. No. 11-2 ["2014 State Docket"] at 122.) On July 16, 2019, a bench trial was conducted before a magistrate in the state action. On January 7, 2020, the magistrate issued a decision wherein she recommended that the state trial judge enter judgment in favor of Kirkland. (*See* https://clerkweb.summitoh.net/PublicSite/CaseDetail.aspx, last visited June 22, 2020). Relevant to the present motion, the magistrate made the following findings of fact:

1. This is a foreclosure action concerning . . . 1170 West Exchange Street, Akron, Ohio (the Property).

2. Defendants Steven Firestone (Mr. Firestone) and Magda Firestone (Mrs. Firestone) were, at all times relevant to these proceedings, husband and wife until Mr. Firestone's death in April 2004.

3. Mr. Firestone acquired title to the Property via a Warranty Deed that was recorded on June 22, 1999 with the Summit County Fiscal Office . . . .
\*\*\*

7. On or about June 28, 2001, Mr. Firestone obtained a loan from First NLC Financial Services, LLC (First NLC) in the amount of $285,350.00.

8. The First NLC loan was a refinance transaction, and the proceeds were used to pay off a loan secured by a prior mortgage, pay off other debts of the Firestones, and some funds were disbursed directly to the Firestones. It will hereinafter be referred to as the "Refinance Loan."

---

[3] A prior state court foreclosure action involving the same property was filed on February 20, 2008 by CitiMortgage in the Summit County Court of Common Pleas. (Case No. CV-2008-02-1570). The trial court awarded summary judgment to CitiMortgage on its foreclosure claim, but the decision was reversed by the Ninth District Court of Appeals. *See CitiMortgage, Inc. v. Firestone*, No. 25959, 2012 WL 1647313 (Ohio Ct. App. May 9, 2012). The case was ultimately dismissed without prejudice following the appeal. (Doc. No. 11-1 ["2008 State Docket"] at 111; *see* Compl. ¶ 41.)

9. The Settlement Statement for the Refinance Loan contains signatures of both Mr. and Mr[s]. Firestone.
\*\*\*
17. [After Mr. Firestone's death], Mrs. Firestone continued to make payments on the Refinance Loan. Mrs. Firestone defaulted on her payments as of August 3, 2007.
\*\*\*
27. A bench trial was held on this matter on July 19, 2019.
\*\*\*
29. At trial, Mrs. Firestone challenged the authenticity of the signature that purports to be hers and appears on the Mortgage. This Court finds Mrs. Firestone's testimony lacks credibility.

30. Mrs. Firestone called Meri Stemple (Stemple) as a witness. Stemple was qualified as an expert as to the requirements for loan origination and brokerage. The Court finds her testimony did not establish Mrs. Firestone's assertion that her signature on the Mortgage was not authentic.

31. At trial, Plaintiff presented the testimony of Vickie L. Willard, D-BFDE, a forensic handwriting expert as to the authenticity of Mrs. Firestone's signature that appears on the Mortgage document.

32. Vickie L. Willard, D-BFDE presented credible testimony and evidence that the signature that appears on the Mortgage and purports to be that of Mrs. Firestone is, in fact, her signature.

33. Kirkland Financing LLC also called Stacey Harshbarger (Harshbarger). Harshbarger credibly testified she notarized Mrs. Firestone's signature as it appears on the Mortgage and that, pursuant to her training and practice, she verified Mrs. Firestone's identity and watched her sign the document prior to notarizing Mrs. Firestone's signature.

34. Mrs. Firestone's authentic signature appears on the Mortgage, and there is no credible evidence that Mrs. Firestone's signature was obtained by fraud.

(*Id.*, Magistrate's Decision (Jan. 7, 2020), record citations omitted.) Additionally, in her

conclusions of law, the magistrate determined, in part:

> All conditions precedent to the filing of the foreclose action have been met.
>
> \*\*\*[The amount due and owing on the Refinance Loan is $267,795.53 at 7.500% interest, per year, from August 3, 2007, and as subsequently adjusted

>pursuant to the terms of the Refinance Loan, plus late charges, plus advances for taxes and insurance.

(*Id*., Magistrate's Decision (Jan. 7, 2020), paragraph numbers omitted.)

On January 20, 2020 and February 13, 2020, Firestone filed objections to the Magistrate's Decision, raising many of the same allegations of fraudulent conduct that she has raised in the federal action. (*Id*., Objections (Jan. 20, 2020), Supplemental Objections (Feb. 13, 2020).) The Magistrate's Decision and Firestone's objections thereto remain pending in the state court.

Firestone alleges that she initiated the federal action "to halt foreclosure, by Kirkland Financial LLC (*Kirkland Financial v. Steve Firestone et al*.; Case No. CV-2014-05-2242, Summit County Court of Common Pleas.)" (Compl. ¶ 11; *see id*. ¶ 60.) In addition to injunctive relief, Firestone seeks compensatory and punitive damages, equitable relief, civil penalties, cancellation and rescission, and attorney fees. (Compl. at 13.) Notwithstanding the fact that Firestone filed the federal action fourteen (14) days before the bench trial in the state court, Firestone did not file a motion in this Court for a temporary restraining order or preliminary injunction and did not immediately serve defendants in the federal action. Instead, Firestone attempted to secure a stay of the foreclosure action in state court pending resolution of the federal suit, but her request was denied by the state court. Firestone did not effect service in the present federal action until October 25, 2019.[4]

---

[4] On October 17, 2019, the Court issued an order requiring Firestone to show cause as to why the federal action should not be dismissed for failure to prosecute. (Non-Document Order, 10-17-2019.) In response to the show cause order, Firestone explained that she had delayed service in the federal action because she believed that a ruling in the state action would be forthcoming and that "[s]ome of the issues presented in [t]he [s]tate case may have direct impact upon the case pending before this Court." (Doc. No. 6 at 77.)

**II. LAW AND DISCUSSION**

CitiMortgage argues that the Court should abstain from hearing the case under the doctrine announced by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).[5] Under the so-called *Colorado River* abstention doctrine, federal courts have a "narrow exception" to their "virtually unflagging obligation … to exercise the jurisdiction given them" where there is (1) parallel litigation pending in state court, and (2) the proposed litigation in federal court would be duplicative or unwise. *Id*. at 817–18; *see Healthcare Co. Ltd. v. Upward Mobility, Inc*., 784 F. App'x 390, 393 (6th Cir. 2019). The doctrine is "premised on 'considerations of judicial economy and federal-state comity.'" *Healthcare Co*., 784 F. App'x at 393 (quoting *Romine v. Compuserve Corp*., 160 F.3d 337, 339 (6th Cir. 1998)). The analysis under the *Colorado River* doctrine "has two steps. First, [the court] must determine whether the state and federal proceedings are parallel. If they are not parallel, the district court should not abstain. If they are parallel, [the court] weigh[s] the eight *Colorado River* factors to determine whether abstention is merited." *Id*. (citation omitted).

---

[5] Relying on general principles of equity, comity, and federalism, Firestone argues that the Court should not entertain CitiMortgage's argument relative to *Colorado River* abstention because of CitiMortgage's "bad faith by repeatedly representing to a pro se individual, (the [p]laintiff) that she has no standing to challenge their actions against her property." (Opp'n at 198, citing *Steffel v. Thompson*, 415 U.S. 452, 460−73, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974).) Firestone cites no record evidence in support of this representation, and the complaint falls short of even setting forth such an allegation. Firestone's unsupported argument fails to convince the Court that it should not consider the propriety of abstention in this action.

### A. Parallel Litigation

To be "parallel," the proceedings have to be "substantially similar." *Romine*, 160 F.3d at 340. This means that neither the issues nor the parties have to be identical. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). Rather, "[p]arties with 'nearly identical' interests are considered 'substantially the same' for *Colorado River* purposes." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (citation omitted). "[T]he argument that abstention is inappropriate because the federal cause of action included parties not present in the state proceedings 'is not relevant to *Colorado River* abstention.'" *Romine*, 160 F.3d at 340 (quoting *Heitmanis*, 899 F.2d at 528). Further, "where the federal claims were 'predicated on the same allegations as to the same material facts … the actions must be considered 'parallel' for the purposes of the *Colorado River* abstention doctrine.'" *Healthcare Co.*, 784 F. App'x at 394 (quoting *Romine*, 160 F.3d at 340).

Firestone seems to argue that the proceedings are not parallel because not all of the parties are the same and because there are different issues in each action. (Opp'n at 196.)[6] With respect to the latter, Firestone notes that the state action involves only Kirkland's "right to foreclose on a property, whereas [the federal] case is primarily addressed to claims of a personal nature and revolved around CitiMortgage, and their agent's dealings with [Firestone]." (*Id.*) CitiMortgage disagrees, arguing that while CitiMortgage is no longer a party to the state action, Kirkland is CitiMortgage's privy pursuant to the mortgage assignment. (Reply at 214.) Further, it insists that the addition of other parties does not change the analysis, particularly where the

---

[6] More specifically, Firestone argues that CitiMortgage lacks standing because it is not (or no longer) a party to the state proceeding. (*Id.*) Firestone cites no authority, and the Court is unaware of any, that would preclude a party to a federal action from seeking a stay from the trial court presiding over the case. Accordingly, plaintiff's argument is more appropriately treated as a challenge to the threshold question of whether the state and federal proceedings are parallel.

7

interest at stake in this action can be traced back to the Note and Mortgage that are the subject of the state foreclosure action. (*Id.*)

The Court finds that the two actions are unquestionably parallel. Both actions arise out of the same residential mortgage contract, as well as the actions of the parties with respect to the loan modification. As is clear from the Magistrate's Decision, a central issue in the state foreclosure action is whether Firestone's signature appearing on the Mortgage was forged. This same issue is prominent in the federal action. In fact, Firestone is essentially asserting the essence of her federal fraud claims as a defense in the state foreclosure action. *See, e.g., Blake v. Wells Fargo Bank, NA*, 917 F. Supp. 2d 732, 737 (S.D. Ohio 2013) (finding federal action asserting TILA claims parallel to state foreclosure action where mortgagor was "using the alleged TILA violations as a defense to foreclosure in the state court").

Moreover, while only Firestone and Kirkland are current parties to the state court foreclosure action, all defendants share the common interest in establishing the validity of the loan transaction and supporting documentation. Firestone conceded as much when she explained to this Court why she delayed in serving defendants. (Doc. No. 6 at 77 [explaining that "[s]ome of the issues presented in [t]he [s]tate case may have direct impact upon the case pending before this Court"].) Because the federal claims are all "predicated on the same allegations" and the "same material facts[,]" and because the parties are substantially similar in that the defendants in the federal action have nearly identical interests, the actions are parallel. *See Healthcare Co.*, 784 F. App'x at 394 (quotation marks and citation omitted); *see, e.g., Carter v. Barham Legal, LLC*, No. 2:17-cv-766, 2018 WL 1762443, at *3 (S.D. Ohio Apr. 12, 2018) (federal action under the FDCPA was parallel to state foreclosure action where the issues underlying the federal claims

8

were raised by the mortgagor in foreclosure action); *Bell v. Countrywide Home Loans, Inc.*, No. 5:08-cv-167-JHM, 2009 WL 260805, at *3 (W.D. Ky. Feb. 4, 2009) (finding federal constitutional action parallel to state foreclosure action, and noting that mortgagor's "attempt to distinguish the instant action by adding different defendants and recasting his claims using additional legal theories is unavailing").

### A. *Colorado River* Factors

The second step of the *Colorado River* analysis requires the Court to consider the interests of judicial economy and federal-state comity as embodied in the following factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; … (4) the order in which jurisdiction was obtained…; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340–41 (internal citations omitted). "No one factor is necessarily determinative; [rather,] a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 819–20; *see also Healthcare Co.*, 784 F. App'x at 395 (noting that the *Colorado River* factors "do not constitute 'a mechanical checklist'") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).

The first factor weighs heavily in favor of abstention because the instant case involves property over which the state court has already assumed jurisdiction.[7] *See Blake*, 917 F. Supp. 2d at 737 (finding the first *Colorado River* factor weighing in favor of abstention, noting that "[m]ost significantly, the Ohio state court has assumed jurisdiction of the property, satisfying arguably the most important factor given the subject matter of this litigation") (citing cases). While the second factor is neutral—the Court cannot say that the federal forum is more or "less convenient" than the state forum when both courts, and the subject property, are located in Akron, Ohio[8]—the third factor, avoidance of piecemeal litigation, strongly favors abstention. Should both this action and the state action continue to proceed independently, there is a risk of inconsistent results, "which would throw the ownership of the subject property in turmoil." *Blake*, 917 F. Supp. 2d at 738 (quoting *Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, No. 3:10-cv-423-J-34TEM, 2011 WL 4529604, at *9 (M.D. Fla. Sept. 30, 2011)). In the state court proceeding, Kirkland has attempted to enforce its right to foreclosure; meanwhile, this federal action asks the Court to find the circumstances surrounding that action unlawful. And as is evident from the Magistrate's Decision in the state action, both courts will be required to determine the threshold question of whether Firestone's signature was forged on the Mortgage. The fact that two courts are being asked to adjudicate the same issues constitutes the "classic piecemeal litigation situation." *Healthcare Co.*, 784 F. App'x at 396. The risk of

---

[7] While Firestone argues that this action is not "*solely* [to] halt foreclosure" of the subject property (Opp'n at 194, emphasis added), Firestone is clearly seeking injunctive relief in the form of enjoining the state action. (Compl. ¶¶ 11, 60.) Accordingly, Firestone has asked this Court to exercise *in rem* jurisdiction.

[8] The United States District Court for the Northern District of Ohio has locations in Cleveland, Akron, Youngstown, and Toledo, Ohio. The undersigned maintains her chambers and courtroom in the federal courthouse in Akron, Ohio.

inconsistent treatment of the issues and the subject property is of "paramount" concern and weighs heavily in favor of abstention. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 19.

The fourth and seventh factors concern the order in which jurisdiction was obtained and the relative progress of the state and federal proceedings, respectively. Here, the state court foreclosure action began more than five years before the present action and has progressed past a bench trial and a recommended judgment. The present action, due largely to Firestone's delay in serving defendants and the filing of the present motion, is still at the pleadings stage. These factors weigh in favor of abstention.

The fifth factor asks whether the source of governing law is state or federal. The state action is governed by state foreclosure law, while the claims in the federal action sound in fraud, and several of the fraud claims invoke federal statutes. While this factor militates against abstention, it only weighs slightly in that direction. Even though the Court does not reach the merits of CitiMortgage's Rule 12(b)(6) arguments, it is clear that several of Firestone's federal claims are facially defective. For example, neither the federal mail nor wire fraud statute provides for a stand-alone civil cause of action. *See* 18 U.S.C. §§ 1341, 1343. Additionally, several federal claims are likely barred by the governing statute of limitations. 15 U.S.C. § 1640(e) (providing for a one-year statute of limitations for violations of TILA); *see Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987) (holding that a civil RICO claim is subject to a four-year statute of limitations); *see also Smith v. Lerner, Sampson & Rothfuss, LPA*, 658 F. App'x 268, 273 (6th Cir. 2016) (finding that FDCA's one-year limitations period begins to run on the day the allegedly unfair state foreclosure action is filed).

The sixth factor—the adequacy of the state action—favors abstention as "there is no legitimate reason the state court is not adequate to adjudicate the dispute." *Healthcare Co.*, 784 F. App'x at 396. And finally, as to the eighth factor—the existence of concurrent jurisdiction—abstention is warranted. While Firestone elected not to bring her federal fraud claims as counterclaims in state court—a fact that CitiMortgage argues is fatal as to those claims in these proceedings—it is at least clear that her TILA and FDCPA claims could have been brought in state court. *See Ruth v. Unifund CCR Partners*, No. 5:08CV2689, 2009 WL 585847, at *8 (N.D. Ohio Mar. 6, 2009) (noting that FDCPA claim could have been filed in state court), *aff'd*, 604 F.3d 908 (6th Cir. 2010); *see also Preferred Care of Del., Inc. v. VanArsdale*, 676 F. App'x 388, 397 (6th Cir. 2017) (observing that "the presence of concurrent jurisdiction … counsels in favor of abstention").

Balancing the *Colorado River* factors, the Court finds that abstention is appropriate because, as the Sixth Circuit has observed, "the driving principle of *Colorado River* abstention is '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Healthcare Co.*, 784 F. App'x at 396 (quoting *Colorado River*, 424 U.S. at 817). Where, as here, the state foreclosure action is adjudicating many of the same underlying issues as the federal action, and has already proceeded to trial on these issues, "to hold otherwise would contravene the spirit of the *Colorado River* doctrine." *Id*.

B. **Stay vs. Dismissal**

Having determined that abstention is appropriate, the Court will stay rather than dismiss this action without prejudice. *See Bates v. Van Buren Twp*., 122 F. App'x 803, 808 (6th Cir. 2004) (favoring stays over dismissal under *Colorado River* abstention) (collecting cases). If, at

12

the conclusion of the foreclosure action, "any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal court." *Id*. at 809. Additionally, because the Court has decided to abstain from adjudicating the merits of Firestone's claims until the conclusion of the state action, the Court need not address the Rule 12(b)(6) portion of CitiMortgage's motion, but these arguments are subject to renewal, if necessary.

### B. CONCLUSION

For the foregoing reasons, CitiMortgage's motion to dismiss or stay (Doc. No. 10) is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART. The Court hereby stays this action pending the resolution of the foreclosure action in the Summit County Court of Common Pleas. The parties are ORDERED to inform the Court within three days of the entry of a final judgment on the merits in the foreclosure action. The motion of Kirkland to stay this action pending completion of the state action (Doc. No. 13) is MOOT.

**IT IS SO ORDERED**.

Dated: June 22, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**